E-FILED
Friday, 30 October, 2020  04:30:37 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS - URBANA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-02265 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | Honorable Colin S. Bruce |
| UNIVERSITY OF ILLINOIS, | ) | Magistrate Eric I. Long |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)[1]**

Defendants Board of Trustees of the University of Illinois, Stephen Bryan (in his official capacity), and Justin Brown (in his official capacity) (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) respectfully move for dismissal of Counts I and II of the Complaint. In support of their motion, Defendants submit the accompanying Memorandum and state as follows:

1.      Plaintiff John Doe ("Plaintiff") was an undergraduate student at the University of Illinois at Urbana Champaign ("UIUC") who was accused of sexual assault and subject to an investigation and a live hearing. UIUC's disciplinary process involved:  (a) interviewing 12 witnesses and multiple interviews with Plaintiff and his accuser, Jane Roe; (b) gathering documentary evidence; (c) a 10-page investigative report ("Investigative Report"); (d) a three-hour live hearing before a three-person panel ("Hearing Panel") with live testimony from and cross-

---

[1] This Motion is filed on behalf of Defendants Board of Trustees of the University of Illinois, Stephen Bryan (in his official capacity), and Justin Brown (in his official capacity). Plaintiff's Complaint and other court filings also name Gene Robinson in his official capacity, but Mr. Robinson has not yet been served. Further, Mr. Robinson is the Dean of the College of Liberal Arts and Sciences, which is distinct from the Gies College of Business in which Plaintiff was enrolled. Mr. Robinson had nothing to do with the facts of Plaintiff's case and lacks authority to effectuate any of the relief sought in the Complaint, including reinstating Plaintiff, expunging his disciplinary records, or altering the disciplinary decision. Mr. Robinson should not be involved as a defendant in any capacity in this matter.

HB: 4816-9010-0176.1

examination opportunities for both parties and five witnesses; (e) a five-page written decision ("Decision Letter") summarizing the Hearing Panel's weighing of the evidence, credibility determinations, and decisions; and (f) an appeal heard by a different panel of UIUC personnel. The result was a finding that Plaintiff was responsible for violating UIUC's sexual misconduct policy and dismissed from UIUC for two years as of September 11, 2020.

2.      The Complaint filed before this Court on September 25, 2020 challenges Plaintiff's dismissal from UIUC in two counts. Count I alleges a Title IX gender discrimination claim asserting that UIUC decided that he was responsible for sexual assault and dismissed him because he is male.  Count II alleges a due process claim based on allegations that Plaintiff was not able to effectively cross-examine Roe and witnesses at the hearing, including because he was not accompanied by his preferred advisor. The 55-page, 278-paragraph Complaint expressly references four documents upon which the allegations rely, including the UIUC's Student Code, UIUC's Student Disciplinary Procedures, and the Investigative Report and Decision Letter from Plaintiff's case. The Complaint also quotes portions of testimony from the live hearing in his case. None of the referenced documents or the transcript from the live hearing are attached to the Complaint. Based upon review of the allegations of the Complaint and the contents of documents upon which those allegations expressly rely, Counts I and II should be dismissed for failure to state a claim as a matter of law pursuant to Rule 12(b)(6).

3.      Plaintiff's due process claim fails because, as alleged, UIUC's procedures in effect during and applied to Plaintiff's internal proceedings allowed Plaintiff "a meaningful opportunity to be *heard*," including the ability to "present his . . . case to the person or people who actually decided [his] fate." *Doe v. Bd. of Trs. of Univ. of Ill.*, No. 17-cv-2180, slip. op. at 24-25 (C.D. Ill. July 24, 2018). He received written charges against him, presented statements to investigators in

HB: 4816-9010-0176.1

two interviews, reviewed and responded to all evidence and written statements collected by investigators as well as the Investigative Report, and testified at a live hearing and listened to Roe and other witness testimony in real time with opportunities to pose questions for the Hearing Panel to ask each witness. Such process satisfied Plaintiff's right to notice and to be heard under the Due Process Clause, which "does not regulate the hearing's every detail" nor require a "full-scale adversarial proceeding." *Wozniak v. Adesida,* 932 F.3d 1008, 1011 (7th Cir. 2019); *Doe v. Cummins*, 662 F. App'x 437, 446 (6th Cir. 2016). Plaintiff's assertions that he lacked cross-examination opportunity or that his preferred advisor's inability to attend the live hearing because of his own scheduling issue do not support a due process claim as a matter of law. *Doe v. Univ. of Cincinnati,* 872 F.3d 393, 403-40 (6th Cir. 2017) (noting that party submission of questions to hearing panel instead of direct cross-examination satisfies due process); *Cummins,* 662 F. App'x at 448-49 (no due process claim for student's preferred advisor inability to attend hearing). Accordingly, Count II should be dismissed with prejudice.

4.      Plaintiff's Title IX claim fails to assert gender bias in either the decisions regarding Plaintiff's sexual misconduct case or from any broader pressure on UIUC student misconduct personnel to reach a particular result, as such pleading requirements have been construed in this Circuit. *See Doe v. Purdue Univ.*, 928 F.3d 652, 668-69 (7th Cir. 2019); *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854-855 (7th Cir. 2019) ("A plaintiff cannot rely on [] generalized allegations [of anti-male bias] alone, … but must combine them with facts particular to his case to survive a motion to dismiss"). Primarily, Plaintiff asserts the decisions in his own case weighed evidence differently than he thinks they should have, which does not create any inference that such decisions related in any way to his gender. *Columbia Coll. Chi.,* 933 F. 3d at 856 (pleading that argues a decision was "against the weight of the evidence . . . does not imply that the Board's decision was

3

based on [respondent's] gender.")  Because the allegations at issue and documents referenced in the Complaint clarify that "after considering all the evidence" the Hearing Panel "found some claims were substantiated and others were not," there is no gender-bias inference. *Id.*  The Decision Letter clarifies that Roe's accounts were not "blindly" accepted but, rather, carefully assessed after analysis of various witness credibility issues before ultimately finding Roe more credible than Plaintiff on the central consent issue. This followed UIUC's careful application of its own procedures and consideration of all evidence provided by all parties, including Plaintiff, which further illustrates the absence of gender bias. *See id.* (in dismissing Title IX claim for lack of gender bias, noting that the male respondent "was provided with the opportunity to review the investigative materials; was given multiple opportunities to submit evidence; presented affidavits signed by witnesses; and submitted questions to be asked of [the female complainant] on cross-examination"). Furthermore, there are no allegations of any gender-specific comments from anyone who administered UIUC's internal proceedings but, rather, assertions demonstrating that the Hearing Panel openly questioned the credibility of male and female witnesses.

5.        Plaintiff's also fails to allege any external "pressure" on personnel administering his case that could support a broader inference of bias against men because there are no assertions of public pressure or government investigation relating to student misconduct matters against male students.  Instead, the Complaint contains a series of allegations regarding publicity about UIUC's handling of sexual misconduct allegations against employees.  There is no reason to infer gender-bias from such employee-focused allegations under existing law.  *Doe v. Purdue Univ.*, No. 4:19-cv-56-TLS-JPK, 2020 WL 2839177, at \*13 (N.D. Ind. June 1, 2020) (noting potential motivation "to discriminate against male students on the basis of gender" because of "immense pressure" from lawsuits and negative media regarding school's "handling of allegations of sexual assault

HB: 4816-9010-0176.1

*perpetrated by male students"*) (emphasis added); *Compare Purdue*, 928 F.3d at 668 (concurrent

OCR investigations of student misconduct process at the time of plaintiff's internal proceedings)

*with Columbia Coll. Chi.*, 933 F.3d at 855 (finding absence of gender-bias inference from

combination of Dear Colleague Letter, showing "Hunting Ground" movie on campus, and

university's sponsored social media educational posts that included "Teach boys that they are not

entitled to women's bodies" and "Misogyny kills: the sexual entitlement that many men have and

the ways in which they objectify women are behind the high rates of sexual violence, abuse, and

harassment that women experience."). For all of these reasons, Count I fails to assert any

allegations capable of supporting an inference of gender bias, requiring dismissal of Count I.

      6.     For the foregoing reasons, as fully described in the Memorandum of Law in support

of this Motion, Defendants respectfully request that this Court dismiss Counts I and II of the

Complaint with prejudice.

                            Respectfully submitted,

                            BOARD OF TRUSTEES OF THE UNIVERSITY OF
                            ILLINOIS, STEPHEN BRYAN, and JUSTIN BROWN

                            By:    */s/*Peter G. Land
                                    One of Its Attorneys

Peter G. Land
Peter.Land@huschblackwell.com
Gwendolyn Morales
Gwendolyn.Morales@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.526.1631

HB: 4816-9010-0176.1

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a copy of the foregoing

**Defendants' Motion to Dismiss Complaint Pursuant to Rule 12(b)(6)** to be filed with the Clerk

of the Court using the CM/ECF system, which will send electronic notification to the following

counsel of record this 30th day of October, 2020:


Norman Anderson
Justin Dillon
Scott Bernstein
KAISERDILLON PLLC
8th Floor
1099 14th Street NW
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
nanderson@kaiserdillon.com
jdillon@kaiserdillon.com
sbernstein@kaiserdillon.com


/s/ Peter G. Land

HB: 4816-9010-0176.1