UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-2265 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| STEPHEN BRYAN, in his official ) | |
| capacity, and JUSTIN BROWN, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

### O R D E R

This case is before the court on Plaintiff's Consent Motion to Proceed Under Pseudonym (#2). For the reasons discussed below, Plaintiff's Motion (#2) is GRANTED.

BACKGROUND

On September 25, 2020, Plaintiff filed his Complaint (#1), pursuant to 42 U.S.C. § 1983 and Title IX. Plaintiff's Complaint is fifty-five pages long and contains a detailed factual account of Plaintiff's claims against Defendants.

Plaintiff was a freshman at the University of Illinois Urbana-Champaign ("the University") during the 2019-2020 school year.

Plaintiff engaged in sexual activity with a female freshman student in October 2019. Based on the October incident, the female student accused Plaintiff of sexual assault through the University's formal student discipline process.

The University investigated the female student's claims and produced an Investigation Report summarizing the findings of the investigation.

The University held a hearing on August 13, 2020. On August 18, 2020, the University issued a decision letter which found Plaintiff had violated the Student Code and Sexual Misconduct Policy and dismissed Plaintiff from the University for two years. Plaintiff appealed on August 25, 2020. On September 11, 2020, the University denied Plaintiff's appeal.

This lawsuit followed.

On September 25, 2020, Plaintiff filed the instant motion, arguing that he should be allowed to proceed under the pseudonym John Doe to prevent unnecessary disclosure of his identity to protect his reputation and privacy. Plaintiff makes the same arguments regarding the identity of the female student.

ANALYSIS

"[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.* These exceptional circumstances must "outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016).

"Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall give the names of all the parties to the suit . . . instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Blue Cross*, 112 F.3d at 872. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.*

"There are exceptions. Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.* It is soundly within the discretion of the trial judge as to whether a party will be allowed to proceed anonymously. See *Vill. of Deerfield*, 819 F.3d at 376.

Here, Plaintiff seeks to proceed anonymously to protect his privacy and reputation (as well as the privacy and reputation of Jane Roe). The Seventh Circuit, as noted, disfavors proceeding under a pseudonym outside of a few narrow exceptions. See e.g. *Coe v. Cook County*, 162 F.3d 491, 498 (7th Cir. 1998) (prohibiting a plaintiff from proceeding under a pseudonym to avoid embarrassment from the immoral conduct of impregnating a woman to whom he was not married); *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004) (stating that sexual harassment cases are not brought anonymously without an allegation that the plaintiff was a minor or a victim of rape or torture).

The Second Circuit has assembled a list of factors relevant to the assessment of whether to grant the instant motion or not. See *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008).

The ten factors articulated in *Sealed Plaintiff* include:

> 1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189. As the Second Circuit noted, although this list is not exhaustive, it provides guidance for the court to balance the plaintiff's interest in anonymity against the public interest in disclosure.

After considering the *Sealed Plaintiff* factors and reviewing similar cases, the court finds that Plaintiff may proceed under a pseudonym.

Looking to the first factor, this case involves highly sensitive personal information regarding the sexual activity of both Plaintiff and another person.

Under factors two and three, the court notes that this case involves a difficult issue, and the way universities address this issue has become contentious. Therefore, both Plaintiff and the female student involved risk additional harm from the potential increased attention and public nature of cases involving allegations of campus sexual assault.

As to factor five, Plaintiff is challenging government activity because the University of Illinois is a state university and Plaintiff has brought claims under 42 U.S.C. § 1983 for inadequate procedures and equal protection violations under color of state law. As such, this factor weighs in favor of allowing anonymity.

Turning to the sixth factor, it does not appear Defendants will suffer any prejudice by allowing Plaintiff to proceed anonymously. Defendants already know the actual identities of John Doe and the other student.

Factor seven, as far as the court can tell, also favors Plaintiff. Plaintiff's name and the allegations against him seem to have remained confidential outside of the University's internal proceedings that Plaintiff now challenges.

Factor ten also supports Plaintiff as there is no less restrictive way to protect Plaintiff and the other student's privacy interests.

Factors four, eight, and nine, on the other hand, appear to support disclosure of Plaintiff's identity.

Looking at the fourth factor, Plaintiff and the other student were both college students. They are also adults, this case centers on adult behavior, and Plaintiff should

be and will be treated as an adult. This court does not find the fourth factor weighs in favor of anonymity in this case.

As to the eighth and ninth factors, those factors also weighs in favor of denying the instant motion. See *Blue Cross*, 112 F.3d at 872. As the Seventh Circuit has repeatedly noted, "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Blue Cross*, 112 F.3d at 872. There is not an atypically weak public interest in this case.

In short, Plaintiff's request to proceed anonymously is supported by seven of the ten *Sealed Plaintiff* factors. While this alone is not conclusive, the court finds that the Plaintiff's interest in anonymity outweighs the public's strong interest in disclosure. This case is an exception to the general rule that parties must be identified pursuant to Federal Rule of Civil Procedure 10. While the court generally disfavors the use of fictitious names, Plaintiff has demonstrated that exceptional circumstances justify such a departure from the normal method of proceeding in federal courts, in this case.

Even with this finding, the court is mindful of the public's interest in this type of case and will closely scrutinize requests to seal other parts of the docket. The court will not seal the entire case. The public will be able to learn the details of the Complaint about the University's challenged procedure and how the court (and, potentially, a jury) ultimately decide the contested issues presented in this case. For purposes of this motion, though, there simply seems to be little additional benefit to publicly disclosing the identities of Plaintiff and the other student involved.

IT IS THEREFORE ORDERED:

Plaintiff's Consent Motion to Proceed under Pseudonym (#2) is GRANTED. Plaintiff may proceed in this action under the fictitious name John Doe and may refer to the female student as Jane Roe. Defendants are also directed to refer to Plaintiff as "John Doe" and to the female student as "Jane Roe." Plaintiff is directed to file a copy of the Complaint containing the parties' true names, under seal, within 21 days of the entry of this Order.

ENTERED this 9th day of November, 2020

s/Colin S. Bruce<br>UNITED STATES DISTRICT JUDGE